IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **AISHA PHILLIPS,**<br><br>*Plaintiff*,<br><br>v.<br><br>**WOLFSPEED, INC.,**<br><br>*Defendant*. | **CASE NO.: 1:22-CV-112** |

COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Aisha Phillips ("Phillips"), and complaining of the Defendant, Wolfspeed, Inc. ("Wolfspeed"), formerly known as Cree, Inc. ("Cree"), alleges the following to be true:

### INTRODUCTION

1      This action arises from Defendant's failure to accommodate, and termination of Phillips based on her high risk pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*

2      Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

3 Phillips is a resident of Wilson County, North Carolina, and is neither a minor nor incompetent.

4 Wolfspeed is a domestic corporation with offices in Durham County, North Carolina, and a registered agent in Durham, North Carolina.

5 At all times relevant to this case, Wolfspeed was known as Cree, Inc.

6 This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

   6.1 28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. §§ 12101 *et seq.*

7 This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

   7.1 Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

   7.2 N.C. Gen. Stat. § 1-75.4(1)(c) and (d), as Wolfspeed was a domestic corporation engaged in substantial business activity within this state at the time service of process was made upon it.

   7.3 N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Phillips's person or property.

8          Venue is proper in this Court pursuant to any/all of the following:

   8.1    28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Middle District of North Carolina;

   8.2    28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina;

## STATEMENT OF THE FACTS

9          Phillips began working for Cree as a semiconductor operator in 2017 inspecting LED light wafers for defects.

10         Phillips left Cree in February 2018 but was rehired in December 2018 because of her good work record.

11         In July 2019, Phillips became pregnant with a subchorionic hematoma, which caused abnormal bleeding and severe nausea.

12         The second week of August 2019, Phillips told Frank Beatty ("Beatty"), her former manager, and Sean Oates ("Oates"), her current manager, about the pregnancy. She told them that because of her nausea, she would need to take breaks more often to get water, take medicine, or go to the bathroom. They both said this would be fine.

13      However, the following week, Oates began monitoring Phillips's clocking and bathroom breaks more closely than he previously had and more closely than he monitored other non-pregnant employees.

14      Phillips contacted Kristen Alexander ("Alexander") in human resources about her concerns with being accommodated and was told to bring documentation to support her pregnancy.

15      Phillips emailed the documentation to human resources but got no response.

16      Phillips then contacted training coordinator Tonya Harris ("Harris") about what to do. Harris said to go to the head of HR, Josh (last name unknown).

17      Josh told Phillips to go to Alexander again.

18      HR did nothing, and Oates continued to monitor Phillips more than other employees.

19      Phillips returned to the HR offices and told them she felt Oates was watching her because of her pregnancy and that she had not had these issues before she disclosed that she was pregnant.

20      On September 4, 2019, Phillips asked off for September 6, 2019, so she could rest to recover from some bad cramping and bleeding.

21      Even though Phillips asked off more than 24 hours in advance, in line with policy, and even though Oates never denied the request, Oates wrote her up for an unapproved absence.

22      On September 19, 2019, Phillips gave HR a doctor's note stating she was pregnant and having issues with nausea.

23      On September 21, 2019, Phillips was admitted to the emergency department with pregnancy complications.

24      Phillips was released but had to return the next day with further pregnancy complications.

25      Phillips told Oates about both absences as soon as they happened, and provided doctor's notes.

26      On September 25, 2019, Phillips's next scheduled work day, she arrived to find an email from HR saying she had an appointment at 1:30PM, which she assumed was about the concerns she had raised about Oates.

27      At 7:30AM, Oates called Phillips over to him and terminated her.

28      Wolfspeed has 101 or more employees.

**FIRST CAUSE OF ACTION**
**Sex (Pregnancy) Discrimination**
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

29      Phillips was a member of a protected class: pregnant female.

30      Phillips suffered an adverse employment action: termination.

31      At the time of her termination, Phillips was performing at a level that met her employer's legitimate expectations.

32	Phillips's termination occurred under circumstances that raise a reasonable inference of unlawful discrimination.

## SECOND CAUSE OF ACTION
### Retaliation
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

33	Phillips engaged in a protected activity by complaining to HR about being discriminated against because of her pregnancy.

34	Phillips suffered an adverse employment action: termination.

35	There is a causal connection between Phillips's complaint and her termination.

## THIRD CAUSE OF ACTION
### Disability Discrimination
*Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq.*

36	Phillips was a qualified individual with a disability.

37	Phillips was discharged.

38	At the time of her termination, Phillips was performing at a level that met her employer's legitimate expectations.

39	The circumstances of Phillips's discharge raise a reasonable inference of unlawful discrimination.

## FOURTH CAUSE OF ACTION
### Failure to Accommodate
*Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq.*

-6-

Case 1:22-cv-00112   Document 1   Filed 02/08/22   Page 6 of 9

40      Phillips was an individual who had a disability within the meaning of the statute.

41      Defendant had notice of Phillips's disability.

42      With a reasonable accommodation of breaks for nausea and bleeding, Phillips could perform the essential functions of her position.

43      Defendant refused to make such accommodations.

## PRAYER FOR PUNITIVE DAMAGES

44      Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

    44.1    Malice;

    44.2    An evil motive; and/or

    44.3    Callous indifference to a federally protected right.

45      Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

46      Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

1       Enter Judgment for Phillips against Defendant on all causes of action contained herein;

2\. Award Phillips damages, including punitive damages, in an amount to be determined at trial;

3\. Tax the costs of this action against Defendant and award Phillips reasonable attorney fees as permitted by law, and;

4\. Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 8th day of February 2022,*

/s/ **WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

-8-

Case 1:22-cv-00112   Document 1   Filed 02/08/22   Page 8 of 9

# CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

>Wolfspeed, Inc.
>c/o Bradley D. Kohn
>4600 Silicon Drive
>Durham, NC 27703-8475
>*Defendant*

>/s/ **WILSON FONG**
>*Attorney for the Plaintiff*
>NC State Bar No. 50708
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>will.fong@hensellaw.com